# STATE OF FLORIDA v. RAMIREZ

## Case No. 83-403 CF

Seventeenth Judicial Circuit, Broward County

January 20, 1984

### APPEARANCES OF COUNSEL

**Joel Lazarus**, Office of the State Attorney, for plaintiff.

**E. Ross Zimmerman**, for defendant.

### OPINION OF THE COURT

J. LEONARD FLEET, Circuit Judge.

The Court is now called upon to impose sentence upon Antonio Ramirez who has been convicted of the crime of Attempted Sexual Battery and Simple Battery. In each instance the victims were the minor children of the Defendant. How the jury arrived at the verdict returned in this case is beyond the comprehension of the Court, but the verdicts are legal and the jury's reasoning process is, and properly so, inscrutable. No one of us can validly claim to be vested with more

wisdom and insight than the collective opinion of the six good people who resolved the factual issues in this case. The trial jury labored long and hard and the Court respects the opinion reflected in their verdict.

The Court reminds the Defendant, however, that the verdicts of the jury do not in any fashion affirm his innocence of the charges made against him by the State of Florida; rather they state that, in the eyes of the jury—who followed the law as instructed by the Court—there was insufficient evidence to prove the guilt of the Defendant beyond a reasonable doubt of those charges set forth in the Information.

Children are born to this world in a completely helpless state. By order of nature, those who have come before are vested with the responsibility of protecting and nurturing these helpless infants for such period of time as is necessary to prepare them for the task of existing safely in a difficult world. This protection and nurturing includes more than furnishing food, clothing, housing, medical care and other basic physical necessities of life. Indeed, in the absence of furnishing the children an environment that is emotionally safe, we, in reality, furnish them nothing.

We adults are not always aware of the degree to which our actions impress young people, much less young children, and, as a consequence thereof, we often do, or fail to do, things that have negative consequences. Such action or inaction by an adult, when unintentional, can be understood and, more often than not, forgiven. But when an adult deliberately engages in a course of conduct that is obviously unacceptable upon moral, social and legal grounds, then there is little justification for forgiveness.

Jenny Ramirez testified that she has been the victim of sexual abuse by this Defendant ever since she was about six years old; at the time of the trial she was 11 years old. Catherine Ramirez told her school counselor that she has been prey to the sexual appetite of the Defendant since she was six years old. At the time of the trial Jenny was nine years old. The physician that examined both of these children confirmed that the condition of their vaginas was such as to be consistent with intercourse that had occurred a substantial period of time prior to his seeing the girls. No evidence has been offered by anyone that supports an explanation for the doctor's findings other than that the children had been sexually active for a considerable amount of time. By their verdict, the members of the jury reached the conclusion that the Defendant, Antonio Ramirez, was responsible for violating their young bodies to satisfy his own lust and had, thereby, destroyed the hymens and dilated the vaginas of his daughters.

Upon the return of the verdict in this case, the Court directed that a presentence investigation be conducted and that a report of the investigation be filed. Such report has been received and carefully reviewed. In addition, the Court has reviewed its trial notes and has reexamined the official court file. Because of the severity of the sentence to which the Defendant is exposed by virtue of the verdicts returned herein, the Court wanted to be especially certain, in a moral sense as well as a legal sense, that the Defendant has received every protection available under the law. The investigation conducted by this Court, and the observations made throughout the course of the matter, cause the Court to conclude that the Defendant has had protection of a far better quality than that which he afforded his daughters and of a higher quality than that usually found in a criminal courtroom.

Suggestions have been made that Jenny and Catherine Ramirez lied about their experiences with their father, but the Court is not furnished a scintilla of evidence—legally admissible or not—that would lend any credence to such a suggestion. Such allegations are, however, indicative of the dangers to which both of these children continue to be exposed so long as they remain within the family unit of Antonio Ramirez. The long-term psychological damage done to both of these impressionable girls is not susceptible to accurate assessment; what *is* known, however, is that the harm is real, long-lasting and extremely hard to rectify. Particularly harmful has this experience been to Jenny, who actually testified in the presence of her father. For the rest of her life she will, most probably, have to struggle to maintain her emotional stability. Not only must she contend with the stigma of having engaged in incest, however unwillingly, but she must also bear the cruel barbs likely to be thrown at her by those who think she is a liar. God didn't put her on this earth for such a purpose, but Antonio Ramirez, by his concern for only his own immediate wants—not needs, but wants—has forced her into that role.

The children involved in this matter were especially vulnerable to the repugnant acts of Mr. Ramirez not only because of their tender years, but also because of the position of authority occupied by him as their parent. What child less than eleven years of age will effectively resist the orders of one thought to be in authority when directed to engage in an activity about which the child possesses little or no knowledge? How can such a parent expect such children to make intelligent choices in a matter such as this? The questions answer themselves!

The gross nature of the acts here involved, and the psychological devastation visited upon the victims herein, is exacerbated by the fact that the acts of intercourse were performed upon one in the presence of

74

the other. Thus, each child not only had to suffer her own ignominy, but that of her sister as well. What else need be articulated by the Court to demonstrate both the gravity of the situation and the depravity of the Defendant?

If Mr. Ramirez had demonstrated the least bit of remorse for his actions and had acknowledged that he is a victim of pedophilia, the Court could find within itself some vestige of forgiveness. Rather than assume any responsibility for his actions, however, Mr. Ramirez continues to deny that the acts ever occurred and continues to insinuate that his children are either liars or are acting under the influence of some overbearing person determined to punish him for reasons he knows not. The Court cannot accept such conduct as anything other than further justification for the sentence here to be imposed.

The Declaration of Independence of this country says, in part:

"We hold these truths to be self-evident: that all men are created equal; that they are endowed by their Creator, with certain unalienable rights; that among these are life, liberty, and the pursuit of happiness . . ."

As surely as though he were an invading enemy of this country and his children were the enemy to be conquered, Mr. Ramirez has denied Jenny and Catherine Ramirez of their unalienable rights. No longer do they possess the freedom to chose to whom they will first surrender the privacy of their body. For all we know, whenever either of these young ladies are embraced by their future husbands their minds will be flooded with the memory of their father's sordid acts. Will they ever truly be blessed with a life of liberty and happiness insofar as physical relationships with men are concerned? It is the fervent prayer of the Court that such will be the case.

For all the reasons set forth herein, it is

ORDERED and ADJUDGED that:

1. As to Count II, Attempted Sexual Battery:

a) The Defendant shall be incarcerated in the Department of Corrections of the State of Florida for a period of Fifteen (15) years, with credit for the time served in the Broward County Jail, to-wit: 88 days, and

b) The Defendant shall pay a fine in the amount of $10,000.

2. As to Count I, Battery:

a) The Defendant shall be incarcerated in the Broward County Jail

**75**

for one year, said period of incarceration to be served consecutively to the sentence herein imposed on Count II, with no credit for time served awaiting the disposition of this cause.

b) The Defendant shall pay a fine in the amount of $1,000.

3. This Court hereby retains jurisdiction of this cause for the first one-third of the sentence herein imposed on Count II so that for the duration of the retention of jurisdiction the Defendant shall not be permitted his liberty on parole in the absence of the approval thereof by this Court.